UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEVIN S. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-00108-TWP-DKL |
| | ) | |
| BRUCE LEMMON Commissioner of the | ) | |
| Indiana Department of Correction, | ) | |
| WENDY KNIGHT Superintendent of the | ) | |
| Correctional Industrial Facility, | ) | |
| MILLS Internal Affairs Officer, and | ) | |
| T. RECTOR Sergeant, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON COMPLAINT, MOTION FOR PRELIMINARY INJUNCTION
AND FURTHER PROCEEDINGS**

This matter is before the Court for screening and on Plaintiff Kevin S. Turner's ("Mr. Turner") Motion for Preliminary Injunction (Filing No. 5). Mr. Turner, an Indiana prisoner, is housed at the Correctional Industrial Facility ("CIF"), and filed this civil action against Bruce Lemmon ("Commissioner Lemmon"), Wendy Knight (Superintendent Knight"), Mills ("Officer Mills") and T. Rector ("Sgt. Rector") (collectively, "Defendants"), alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 and state tort laws. Mr. Turner seeks money damages and injunctive relief in the form of a restraining order against CIF staff, and transfer to a long term segregation facility.

**I.     SCREENING**

Pursuant to statute, as soon as practicable after docketing a complaint in a civil action in which a prisoner seeks redress form an officer or employee of a governmental agency, the district court must screen the complaint. *See* 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a]

complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

## II. MR. TURNER'S COMPLAINT

### A. Sgt. Rector

Mr. Turner's primary claim in this action is that Sgt. Rector used excessive force against him by deploying a chemical spray on December 18, 2014. This Eighth Amendment claim, as well as, the state law claims of negligence and negligent infliction of emotional distress shall proceed against Sgt. Rector as submitted. For the reasons explained below, the Court finds that Mr. Turner's remaining claims are improperly joined or otherwise deficient and are dismissed on this basis.

### B. Superintendent Knight

Superintendent Knight has been sued for allegedly misapplying Indiana Department of Correction ("IDOC") policy. Specifically, Mr. Turner alleges that it is Superintendent Knight's

2

policy that offenders in segregation may only obtain legal materials if they can provide (from memory) a specific case number with a deadline. Mr. Turner states that as a result of this policy he missed a deadline and was thus denied access to the courts. This claim (to the extent it states a claim or could be amended to state a claim upon which relief could be granted) violates the joinder of claims limitation of the Federal Rules of Civil Procedure. Specifically, the excessive force claim alleged against Sgt. Rector is separate and distinct from the denial of access to court claim alleged against Superintendent Knight. "Unrelated claims against different defendants belong in different suits …." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Further, Mr. Turner is notified, that Superintendent Knight cannot be held liable for the actions of her subordinates under § 1983. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). "[A]n official meets the personal involvement requirement when she acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent." *Black v. Lane,* 22 F.3d 1395, 1401 (7th Cir. 1994) (quoting *Smith v. Rowe,* 761 F.2d 360, 369 (7th Cir. 1985)) (citations and internal quotations omitted). Without such an allegation, there can be no recovery. The theory that Superintendent Knight's legal material policy resulted in Mr. Turner being sprayed with chemical agents or that her failure to remove Mr. Turner from staff at CIF resulted in his hunger strike and the injuries which resulted therefrom is illogical. Without a plausible claim for relief that has been properly joined in this action, the claims against Superintendent Knight are **DISMISSED.** The dismissal of the denial of access to court claims is

dismissed without prejudice, such that nothing in this Entry prohibits Mr. Turner from filing a new civil action against Superintendent Knight related to her alleged legal materials policy.[1]

**C.     Officer Mills**

The claims against Internal Affairs Officer Mills are **DISMISSED** for failure to state a claim upon which relief may be granted. The only claim against Officer Mills is that on December 17, 2014, he was dispatched to interview Mr. Turner and investigate Mr. Turner's request for protection but that he failed to do so because Mr. Turner was kicking on his cell door and arguing with staff. The next day, Mr. Turner was sprayed with pepper spray by Sgt. Rector after Mr. Turner called Sgt. Rector to his cell, covered the cell window with a folded sheet and refused to take the down the sheet until his demands were met. These facts are insufficient to state a plausible claim for relief.

The constitutional right implicated by Mr. Turner's allegations is the Eighth Amendment. An Eighth Amendment claim for failure to protect an inmate from violence has two elements: first, that an inmate was incarcerated under conditions posing a "substantial risk of serious harm," and second that a prison official displayed "deliberate indifference" to that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1991). A prison official displays deliberate indifference to an inmate's safety when the official "knows of and disregards an excessive risk" to the inmate's safety. *Id*. at 837. The complaint lacks any plausible basis to conclude that Officer Mills knew that Sgt. Rector posed

---

[1] The Court notes that it would be appropriate to sever this claim into a new action. If this is the step Mr. Turner wishes to take, he should notify the Court within 21 days of the date this Entry is docketed. The denial of access to court claim alleged against Superintendent Knight, however, will not be severed *sua sponte* for the following reasons. First, if a new action is opened, Mr. Turner will be responsible for the filing fee associated with the new case. Second, the screening requirement of 28 U.S.C. § 1915A(b) will be triggered for the new case. Third, the events at issue occurred less than six months ago, such that if Mr. Turner acts diligently in pursuing his claims, the relevant statute of limitations should not be a barrier.

an excessive risk of serious harm to Mr. Turner prior to the deployment of the pepper spray. Damages for "a deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence." *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000).

### D. Commissioner Bruce Lemmon

Claims against Commissioner Lemmon in his individual capacity are **DISMISSED** for failure to state a claim upon which relief may be granted. The only allegation against Commissioner Lemmon is that he is the Commissioner of the IDOC and as such he is responsible for the actions of IDOC employees. There is no allegation that he is personally responsible for the wrongdoing alleged in the Complaint. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . ."). He is subject to dismissal on this basis.

### III. INJUNCTIVE RELIEF

Mr. Turner's Motion for Preliminary Injunction ([Filing No. 5](#)) is **DENIED.** The purpose of the motion for injunctive relief appears to seek Mr. Turner's immediate transfer from CIF to another facility with a long term segregation unit. Mr. Turner states that the transfer is necessary to keep him safe from further assaults. In addition, he seeks to prohibit all communications by CIF staff to him.

The relief sought, transfer and a complete ban on all contact between Mr. Turner and prison personnel, is not feasible. The relief sought by Mr. Turner in his motion would improperly violate the admonition that federal district courts are not to allow themselves to become "enmeshed in the minutiae of prison operations." *Lewis v. Casey,* 116 S. Ct. 2174, 2182 (1996) (citing *Bell v. Wolfish,* 441 U.S. 520, 562 (1979)). "[F]ederal courts are most reluctant to interfere with the

internal administration of state prisons because they are less qualified to do so than prison authorities." *See Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir.1997). At the same time, moreover, the relief sought by Mr. Turner would be overly broad and hence could not be ordered in light of 18 U.S.C. § 3626(a)(1)(A). *See Lindell v. Frank,* 377 F.3d 655, 661 (7th Cir. 2004).

## IV. OTHER RELIEF

Mr. Turner also requests an order preventing the Defendants from destroying any video recordings of the chemical force used against him on December 18, 2014 at 6:55 a.m., and the Special Response Team's response. This request is understood as a motion for preservation of additional evidence and is **DENIED** as such.

A party has a duty to preserve evidence when it knows, or should have known, that litigation was imminent. *Trask–Morton v. Motel 6 Operating L.P.,* 534 F.3d 672, 681 (7th Cir. 2008). The duty to preserve evidence is broad, encompassing any relevant evidence that the non-preserving party knew or reasonably could foresee would be relevant to the action. *Larson v. Bank One Corp.,* 2005 WL 4652509, *10–11 (N.D. Ill. August 18, 2005); *Danis v. USN Communications, Inc.,* 2000 WL 1694325, *32 (N.D. Ill. Oct. 20, 2000). At the latest, this duty attaches when the plaintiff informs the defendant of his potential claim. *Motel 6,* 534 F.3d at 681 (explaining that Motel 6 was on notice of the claim when it received the plaintiff's demand letter). Mr. Turner's motion for preservation of additional evidence is **DENIED** as unnecessary. Mr. Turner should notify the Defendants in writing that he requests preservation of any video evidence.

## V. FURTHER PROCEEDINGS

The Clerk is designated, pursuant to Fed. R. Civ. P. 4(c)(3), to issue and serve process on the Defendant, Sergeant T. Rector, in his individual and official capacities, in the manner specified

by Fed. R. Civ. P. 4(d)(1). The claim for money damages shall proceed against Sgt. Rector in his individual capacity only and the claim for injunctive relief shall proceed against Sgt. Rector in his official capacity only. Process shall consist of the Complaint, applicable forms and this Entry.

## VI. CONCLUSION

For the reasons stated above, this Eighth Amendment claim, as well as, the state law claims of negligence and negligent infliction of emotional distress, shall proceed against Sgt. Rector as submitted. The claims against Bruce Lemmon, Wendy Knight, and Mills are **DISMISSSED** for failure to state a claim. Mr. Turner's Motion for Preliminary Injunction ([Filing No. 5](#)) and his motion for preservation of additional evidence are **DENIED.**

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**SO ORDERED.**

Date: 02/06/2015

*[signature]*
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kevin S. Turner, #922829
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, Indiana 46064