UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN S. TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:15-cv-00108-TWP-DKL |
| | ) |
| T. RECTOR, *Sergeant, in his Individual and Official Capacities.* | ) |
| | ) |
| Defendant. | ) |

**Entry Setting Aside Default Entry**

Defendant T. Rector now petitions the Court to set aside the entry of default. The defendant explains that he sought legal representation in this matter and believed that the Indiana Attorney General was representing him. When he learned otherwise he attempted to promptly remedy the error.

Pursuant to Fed. R. Civ. P. 55 (c), a court may set aside an entry of default for good cause shown. In order to have an entry of default set aside, the defaulting party must show "good cause for the defendant's inaction, prompt steps to correct the default, and an arguably meritorious defense to the lawsuit." *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014) *citing Sun v. Board of Trustees of the University of Illinois*, 473 F.3d 799, 809–10 (7th Cir. 2007). The standard for applying Rule 55(c) is "lenient" and the Seventh Circuit has a "policy of favoring trial on the merits over default judgment." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009).

Mr. Rector explains that when he first learned of this case, he requested legal representation. Rector received the Waiver of Service of Summons, signed it and returned it to the Court. Mr. Rector believed that this matter was being handled by the Office of the Indiana Attorney General because he promptly requested legal representation after receiving notice of the complaint. As soon as he became aware of the entry of default and the lack of representation in this matter, additional steps were taken to contact the Office of the Indiana Attorney General, and an appearance was entered on his behalf. Mr. Rector attributes any delay in receiving counsel to error or confusion at the facility where he is employed.

As soon as the Office of the Indiana Attorney General was made aware of the entry of default in this matter, the previous request for legal representation was obtained from the correctional facility where defendant Rector is employed and counsel entered his appearance. Counsel acted promptly in seeking to vacate the entry of default.

Finally, Mr. Rector argues that he has numerous meritorious defenses to the plaintiff's claims. Mr. Rector argues specifically that the use of force against the plaintiff was not excessive and was necessary for staff safety and to restore discipline.

Based the on the defendant's motion to side aside the entry of default and in the interest of justice, the entry of default is now set aside. *JMB Mfg., Inc. v. Child Craft, LLC*, No. 14-3306, 2015 WL 5000728, at *11 (7th Cir. Aug. 24, 2015) (stating that the district court is "the forum best equipped for determining the appropriate use of default to ensure that litigants who are vigorously pursuing their cases are not hindered by those who are not in an environment of limited judicial resources.")(internal citations omitted). The **clerk is directed to update the docket** to reflect that the entry of default has been set aside. Mr. Rector has shown good cause for his inaction, he took prompt steps to correct the default, and he has an arguably meritorious defense

to the lawsuit. Accordingly, the motion to set aside entry of default [dkt. 26] is **granted** and this action shall proceed to the merits.

    **IT IS SO ORDERED.**

Date: 9/16/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KEVIN S. TURNER
922829
THE GEO GROUP, INC.
New Castle "Correctional Facility (NCN)
PO Box "E"
New Castle, IN 47362

All Electronically Registered Counsel